United States District Court
Southern District of Texas
**ENTERED**
April 30, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. 4:14-CR-531 |
| | § | |
| WILLIAM JOHN SHOEMAKER | § | |

**MEMORANDUM AND ORDER**

William John Shoemaker pled guilty to willfully failing to truthfully account for and pay over tax, in violation of 26 U.S.C. § 7202. This Court sentenced him to a 41 month term of imprisonment and three years of supervised release, and ordered him to pay $1,830,324.78 in restitution. *See* Judgment (Doc. # 28). This case is before the Court on Shoemaker's motion to vacate, set aside, or correct his sentence (Doc. # 42), the government's motion for summary judgment (Doc. # 48), and Shoemaker's response (Doc. # 49). Having carefully considered Shoemaker's motion, the government's motion, Shoemaker's response, all the arguments and authorities submitted by the parties, and the entire record, the Court is of the opinion that the government's motion should be granted, and Shoemaker's motion should be denied.

**I.    Background**

Shoemaker was indicted on 20 counts pertaining to his failure to turn over withheld payroll taxes from a retail clothing store that he owned. Shoemaker pled guilty to one count of willfully failing to truthfully account for and pay over tax.

**II.    Applicable Legal Standards**

Shoemaker brings this motion under 28 U.S.C. § 2255, which provides for relief "for errors that occurred at trial or sentencing." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). A movant may obtain relief by showing

> that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C.A. § 2255(a).

### III. Analysis

Shoemaker's motion asserted two claims of ineffective assistance of counsel. In his response to the motion for summary judgment, he expressly abandons one of them. *See* Response (Doc. # 49) at 3.

To prevail on his remaining claim for ineffective assistance of counsel, Petitioner

> must show that . . . counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Second, the [petitioner] must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). In order to prevail on the first prong of the *Strickland* test, Petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness. *Id.* at 687-88. Reasonableness is measured against prevailing professional norms, and must be viewed under the totality of the circumstances. *Id.* at 688. Review of counsel's performance is deferential. *Id.* at 689.

In his remaining claim, Shoemaker contends that counsel was ineffective by failing to learn about an impending change to the U.S. Sentencing Guidelines which would have reduced Shoemaker's base offense level from 24 to 22, resulting in a shorter sentence. Shoemaker argues that counsel should have been aware of the change, and sought a delay in sentencing until after the effective date of the change.

The government responds that, prior to Shoemaker's sentencing, the U.S. Probation Office filed an addendum to the presentence investigation report setting forth additional tax losses of over $1.6 Million. When added to the approximately $2.8 Million loss in the original report, the total relevant loss was approximately $4.4 Million, which would have placed the base offense level at 24 even under the amended guideline provision.

Shoemaker responds by noting that the plea agreement states that the government "will not further criminally prosecute defendant for offenses arising from conduct charged in the indictment or other relevant conduct." *See* Doc. # 49, at 5. Shoemaker interprets this to mean that the government could not seek a sentence based on the additional loss. That, however, is not what the quoted passage says. Rather, the passage says that the government will not seek to *prosecute* Shoemaker for any of the charges dropped as a result of the plea agreement, or any other relevant conduct. The government did not do so. The quoted passage does not state that the government could not use other relevant conduct for sentencing purposes on the one count to which Shoemaker pled guilty. That is what the government did.

The government did not violate the terms of the plea agreement by using the additional $2.8 Million loss. Because that additional loss brings the base offense level to 24 under the amended guidelines provision, Shoemaker, at a minimum, cannot demonstrate any *Strickland* prejudice. Therefore, he is not entitled to relief.

IV. <u>**Certificate of Appealability**</u>

Shoemaker has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely

states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000). The Supreme Court has stated that:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This Court has carefully considered Shoemaker's motion. The Court finds that reasonable jurists would not find it debatable that Shoemaker's claim is foreclosed by clear, binding precedent. Shoemaker thus fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court therefore concludes that Shoemaker is not entitled to a certificate of appealability.

## V. Conclusion

For the foregoing reasons, Shoemaker is not entitled to relief. His motion is therefore denied, and the government's motion for summary judgment is granted.

## VI. Conclusion And Order

For the foregoing reasons, it is ORDERED as follows:

A. William John Shoemaker's motion to vacate, set aside, or correct sentence (Doc. # 35) is DENIED;

B. The government's motion for summary judgment (Doc. # 48) is GRANTED;

C. No certificate of appealability shall issue; and

D. All other pending motions are denied as moot.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

It is so ORDERED.

SIGNED on this 30th day of April, 2018.

_____
Kenneth M. Hoyt
United States District Judge